# TOWN OF MOUNT PLEASANT v. TOWN OF FLORENCE.[1]

November 23, 1917.

No. 20,565.

**Contract between towns — highway — repair of bridge.**

The town of Mount Pleasant in Wabasha county and the town of Florence in Goodhue county adjoin each other. In 1892 the supervisors of the two towns entered into a contract dividing into districts a highway between them, providing that each town should keep in repair the districts allotted to it, and that the expense of keeping in repair certain bridges on the highway should be borne by the two towns in equal shares. In 1914 one of these bridges became out of repair; plaintiff town applied to defendant town for co-operation in making the repairs, but defendant refused to take any part; whereupon plaintiff made the necessary repairs, and brought this action to recover of defendant one-half the cost thereof. It is *held*:

(1) The road between the two towns was a public highway by user.

(2) The findings of fact are sustained by the evidence.

(3) There was no prejudicial error in the rulings on evidence.

(4) The contract was within the powers granted by statute 1894, §§ 1824-1827 to towns having a public highway on the line between them,

[1]Reported in 165 N. W. 126.

and was valid. This is so notwithstanding that the bridge was on a part of the highway wholly within plaintiff town, that the town line was also the county line, and that the contract was silent as to its duration and did not specify by whom the necessity for or extent of the repairs should be determined.

Action in the district court for Goodhue county to recover $184.47 one-half the cost of repairing a certain bridge. The facts are stated in the opinion. The case was tried before Converse, J., who made findings and as conclusions of law ordered judgment in favor of plaintiff for the amount demanded. From an order denying its motion for amended findings or for a new trial, defendant appealed. Affirmed.

*Mohn & Mohn,* for appellant.

*J. E. Phillips,* for respondent.

BUNN, J.

This action was brought by the town of Mount Pleasant in Wabasha county to recover of the town of Florence in Goodhue county one-half of the cost of repairing a bridge on a road between the two towns. The decision was for the plaintiff, motions of defendant for amended findings and conclusions and for a new trial were denied, and defendant appealed.

The facts are best understood by giving the substance of the trial court's findings. While defendant challenges some of these findings as not sustained by the evidence, our examination of the record satisfies us that they are, and we so hold. The facts as so found are as follows:

Plaintiff is a duly organized town of Wabasha county, defendant a duly organized town of Goodhue county. The two towns are adjacent, the entire southern boundary of the town of Florence being identical with the northern boundary of the town of Mount Pleasant. In 1859 the supervisors of the two towns took proceedings to lay out and establish a public highway substantially along the county line between the two towns. The road was established under these proceedings, and has practically ever since been used and worked as a public highway. At a certain point on the highway where it diverges some 20 rods from the county line and into plaintiff town, a bridge, known as the "Wear"

bridge was constructed as a portion of the highway. There was another bridge, known as the Sandberg bridge, also on a portion of the highway within the limits of plaintiff town. The road runs within plaintiff town for a distance of about two miles only; this was because of the irregularity of the ground on the dividing line. The road and the "Wear" bridge have been traveled, worked and used as a main public highway, and as a town line between plaintiff and defendant towns, throughout its entire length ever since and for many years prior to 1892. In that year plaintiff and defendant, by their respective boards of supervisors, entered into a written contract with reference to their respective duties as to keeping the road and bridge in repair. By this contract each town agreed to keep in repair certain stated sections of the road. It was provided "that the expense of keeping in repair the two bridges near John Wear's residence and also the bridge near the old Sandberg house, shall be borne and paid for by the said towns jointly, each to pay for one-half of same."

For many years following the execution of this agreement said bridge and roadway were maintained in conformity with said agreement, and the said Wear bridge was habitually repaired by plaintiff town, and in each case and until 1914 one-half of the expense thereof was subsequently paid by the defendant to the plaintiff, the said towns thereby maintaining the said bridge jointly and in conformity with said agreement. In 1914, the Wear bridge, one of the bridges described in the contract as "near John Wear's residence" became unsafe for use by the public. Plaintiff town applied to defendant for co-operation in repairing the bridge, but defendant refused to take any part in the repairing; whereupon plaintiff was forced to and did expend the sum of $368.94 in necessary repairs to make the bridge safe for travel. A statement of plaintiff's claim against defendant for one-half of this amount was filed in the office of the clerk of defendant town, but the claim was not paid.

As we have said, the above findings are sustained by the evidence, and they are taken as the basis of determining the legal questions involved. To reach the merits of the controversy unhampered by certain claims of error in the admission of evidence, we say here that we find no prejudicial error in any ruling made.

The question in the case is as to the validity of the contract between

the two towns. We will dispose first of the contention that the road which was the subject of the contract was not a legal highway because the proceedings in 1859 were invalid. Granting that these proceedings were fatally defective, and we do not see now why they were, there was a legal highway by user, as good a basis for the contract to maintain in repair as if the road had been legally established in the beginning.

Counsel for defendant argue that the contract was ultra vires and void for several reasons. They rightly say that a town has no powers except those given expressly by statute and those necessary to the exercise of the powers expressly given. But we do not agree with their statement that there is no statute which gives a town power to enter into such an arrangement as the one in question. Statutes 1894, §§ 1824-1827, relate to the establishment and keeping in repair of highways lying between two towns. Section 1824 provides for the location of a new road or the alteration or discontinuance of an old one, on the line between two towns, or as nearly on the line as the ground will permit. Section 1825 provides that the supervisors of the two towns, when there may be such highways, shall divide the highway into two or more road districts in such manner that the labor and expense of opening, working and keeping in repair such highway through each of the districts may be as nearly equal as may be, and shall allot an equal number of districts to each town. Section 1826 provides that each district shall be considered as belonging wholly to the town to which it is allotted, for the purpose of opening the road and keeping it in repair. Section 1827 provides that all roads "heretofore laid out on the line between any two towns shall be divided, allotted, recorded and kept in repair in the manner above directed."

Manifestly these provisions apply to highways already existing, as well as to those established under the provisions. We think they apply to roads lying between two towns though in different counties. It is fairly clear that in making the contract involved in this case the supervisors of the two towns were attempting to comply with this law. There was a situation, however, that was not covered by the law; there were bridges on the highway that would need repair. They were parts of the highway, but making the burdens equal between the towns could not be accomplished by leaving the maintenance of the bridges to the town

in whose district they happened to be. Equality would result by such an agreement as was made, each town sharing equally the cost of maintaining the bridges. We see no particular difficulty in holding that the power to agree to so divide the cost of repairing the bridges was necessary to the exercise of the powers conferred by the above statute. The cases of Town of Waupun v. Town of Chester, 61 Wis. 401, 21 N. W. 251, and Bigelow v. Brooks, 119 Mich. 208, 77 N. W. 810, were decided under statutes very similar to those of this state above referred to, and are ample authority for upholding the power of the towns in this case to make the agreement apportioning the cost of repairing the bridge. The Wisconsin case in particular is almost on all fours with the present one. The towns in that case were in adjoining counties, and the town line was also the county line, as here. The portion of the highway on which was the bridge lay wholly within one of the towns as here. It was held that the agreement to share the expense was valid, and that the plaintiff town, having made the repairs, could recover of the other town its share of the cost.

It is urged that the agreement was void because it perpetually obligates the towns to keep the bridge in repair, thus tying the hands of future town officers, depriving them of their discretionary powers relative to improving highways. Counsel seek to bring this contract within the doctrine of State v. Minnesota Transfer Ry. Co. 80 Minn. 108, 83 N. W. 32, 50 L.R.A. 656. We see no force in the contention and do not sustain it.

It is also argued that, the contract being silent as to its duration, either party could terminate it at its pleasure. The rule invoked does not apply. The agreement had been in force for more than 20 years. It was in its very nature a continuing agreement, and there is no warrant for holding that either party could terminate it at will.

It is said that the contract is void because incomplete and indefinite, in that it does not specify how or by whom the necessity of making repairs or their character and extent is to be determined. These things would naturally be decided by the supervisors of the two towns. There is no claim that the bridge did not need repairs, or of the extent or cost of those made. The point is not well taken.

We have said that the statutory provisions referred to apply, though

this highway was on the line between two counties. Reference is made to G. S. 1878, c. 13, § 76, as amended by Laws 1883, p. 23, c. 21, § 2, relating to roads in two counties in two judicial districts, and providing how they shall be established by petition to the district court of one of the districts. We fail to see that this statute indicates that the provisions as to roads between two towns do not apply when the towns are in different counties.

The other points raised do not require special mention. We have considered them, and find nothing that requires a reversal of the order appealed from. It seems to us that the court below disposed of the case correctly.

Order affirmed.