## TOWN OF VIVIAN v. TOWN OF DUNBAR.[1]

### April 17, 1925.

### No. 24,394.

**When a ditch is not a drainage project.**
> A ditch which only avoids erosion to a highway is not a drainage project within the drainage statute.

*Headnote. See Drains, 19 C. J. p. 605, § 1.

Upon the relation of the town of Dunbar the supreme court granted its writ of certiorari directed to the district court for Waseca county and Hon. Norman E. Peterson, acting in place of the judge for the Fifth judicial district, to review an order favorable to petitioners in the matter of the petition of the town of Vivian and others for a judicial ditch in the counties of Waseca and Faribault. Reversed.

*Meighen, Knudson & Sturtz*, for relator.

*Moonan & Moonan* and *Gallagher, Madden & Gallagher*, for respondents.

[1]Reported in 203 N. W. 431.

WILSON, C. J.

Certiorari to review an order directing the engineer in a judicial ditch proceeding to make a detailed survey, etc., pursuant to the first hearing in such ditch proceeding.

A town line road runs easterly and westerly on substantially the entire length of the town line common to the towns of Dunbar, in Faribault county, and Vivian, in Waseca county. The Big Cobb river, flowing in a northeasterly direction, crosses this road, but, when it comes in its straight course to within just a few feet of the road, it turns to the right, making a sharp curve and flows southeasterly about 200 feet, then easterly about 75 feet and thence curves to the north and crosses the highway while in a northwesterly course and continues until it flows in a straight line with its course first above mentioned. It then turns again to the north east. By erosion this river is threatening destruction to the road on the south side where, by reason of the turn so near the road, it may eventually destroy the road, and also by reason of the curve in the river as it crosses the road, it is eating into the bank and destroying the footing of the bridge there located. The proposed ditch is about 180 feet long and the plans call for the proposed ditch to be located in a straight line from where the river first turns to the right to the point where it again joins the straight line to the northeast. This would do away with all the curves in the river and the consequent erosion. A map is attached to respondent's brief showing the location of the river, bridge, road and proposed ditch.

The proposed ditch is not to afford drainage but to protect against erosion. The spirit and intent of our drainage act, chapter 230, p. 303, L. 1905, now developed and extended into chapter 44, G. S. 1923, was to reclaim agricultural land and to dispose of waters. The proposed ditch neither reclaims land nor removes standing waters. It does not even facilitate the movement of water, and, if it did, it would not accomplish the purpose of the drainage law. The project here involved does not come within the spirit or language of the drainage law. It is not for the purpose of drainage. On

the contrary it is purely a road improvement. It is obviously meritorious, but it cannot be developed and advanced as a drainage project. Jurisdiction cannot be acquired under the drainage laws. The project must progress, if at all, under a different law.
Reversed.