# TOWN OF VIVIAN v. TOWN OF DUNBAR.[1]

July 27, 1928.

No. 26,391.

**Joint maintenance of bridge on town line road.**

1. Under the statute a town line road is divided into parts, the division being such as to make the cost and expense of construction and maintenance as nearly equal as possible, and each town constructs and maintains the entire portion assigned to it; but this does not prevent the towns from agreeing to maintain jointly a bridge upon the part of the road assigned to one of them.

**Finding that defendant town should join in maintenance of such bridge not sustained by evidence.**

2. The evidence does not sustain a finding that an agreement was made between the plaintiff and the defendant towns that the defendant should help maintain a bridge on the town road between the towns across a river which was on the part of the road assigned to the plaintiff town for construction and maintenance.

**Statute cited applies only in drainage proceedings.**

3. The provisions of G. S. 1923, § 2577, originally L. 1919, c. 172, providing that towns shall join in the expense of constructing a bridge made necessary by a drainage ditch or by reason of altering or changing any watercourse, have application only in drainage proceedings.

Bridges, 9 C. J. p. 435 n. 94; p. 457 n. 93.

See 4 R. C. L. 203.

Defendant appealed from an order of the district court for Faribault county, Haycraft, J. denying its alternative motion for judgment or a new trial. Reversed.

*Meighen, Knudson & Sturtz,* for appellant.

*Putnam & Carlson, Moonan & Moonan* and *Gallagher, Madden & Gallagher,* for respondent.

[1]Reported in 221 N. W. 3.

DIBELL, J.

Action by the town of Vivian in Waseca county against the town of Dunbar in Faribault county to recover one-half of the cost of the construction of a bridge over Cobb river on the highway between the two towns. There was a verdict for the plaintiff, and the defendant appeals from the order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

There are three matters for consideration:

(1) The law relative to the construction and maintenance of highways between towns.

(2) Whether the evidence sustains the finding of the jury that in dividing the portions of the road between the plaintiff and defendant towns it was agreed that the defendant town should help maintain the bridge over Cobb river.

(3) Whether under G. S. 1923, § 2577, the defendant town must join in the expense of the construction of the bridge because it was made necessary by the construction, changing or widening or alteration of a drainage ditch or by reason of the alteration or changing of a watercourse.

1. It has long been the statutory law of Minnesota that a town line road shall be divided into parts and portions assigned to the adjoining towns so that the cost shall be equal as near as may be; that is, each town constructs and maintains for the whole width of the portion assigned to it and not merely to the center of the whole length of the road. G. S. 1923, § 2587. The portions assigned may be of unequal length. In substance this statute goes back to G. S. 1866, c. 13, §§ 51-53. Still it has been held that the towns may agree to maintain jointly a bridge upon the portion of the road allotted to one of them. Town of Mount Pleasant v. Town of Florence, 138 Minn. 359, 165 N. W. 126.

2. The plaintiff, town of Vivian, is in Waseca county and the defendant, town of Dunbar, adjoining it on the south, is in Faribault county.

In 1925 the town of Vivian erected a concrete bridge at a cost of $3,689.70 over the Cobb river, which crosses the town line road.

It is conceded that the east three miles of the road between the towns was allotted many years ago to the town of Vivian, and the west three miles to Dunbar. The highway crosses the river about a half mile or mile east of the point of meeting and within the part of the highway allotted to the town of Vivian. No records are preserved of the early division.

Originally the road between the towns was not much more than a trail. The river was forded. A wooden bridge was built in early times, at least as early as 1880 or 1881, and it seems probable that one was built in 1878; or perhaps an old one was rebuilt. The bridges were crude. The two towns contributed to the building of the early bridge or bridges. About 1906 a steel bridge was built. How the cost was paid does not appear. Waseca county may have paid for it or contributed to the cost. None of the cost was borne by the town of Dunbar. The evidence does not show that Vivian contributed. There is no evidence that Faribault county contributed. It is not likely that Waseca built to help Dunbar in Faribault county.

The evidence that the town of Dunbar was to continue to help build subsequent bridges or to keep them in repair is not shown by any record. If it is found that there was an agreement to contribute it must be as an inference from the fact that under some arrangement it helped build the early wooden bridges in 1878 or two or three years afterwards. It may be that this would have been an equitable arrangement; or it may be that help was given merely as a temporary shift. Dunbar never contributed after the building of the first bridge or bridges. Repairs were necessary from time to time and were made apparently by Vivian. Dunbar had nothing to do with the 1906 bridge when it was constructed or in its maintenance afterwards. The burden was upon the plaintiff to show that there was an agreement of many years ago binding the town of Dunbar. It is not enough that it helped on the old bridges. There must be something to justify an inference that it was to help maintain. For some 45 years prior to the trial Dunbar maintained its part of the town road and did nothing in aid of the bridge.

For 45 years the bridge was built and rebuilt and repaired by another than Dunbar. The evidence is not sufficient to sustain the plaintiff town's claim that the defendant town was a party to an agreement to jointly maintain the bridge on the plaintiff's part of the road.

3. The Cobb river is a small, crooked stream. In order to avoid the curves in the immediate vicinity a new channel was dug for some 150 feet, and the 1925 bridge erected over it. The plaintiff claims the absolute right to recover because of the provisions of G. S. 1923, § 2577, which was originally L. 1919, p. 172, c. 172, providing that two towns shall join in constructing a bridge made necessary by the construction, widening or alteration of a drainage ditch or by reason of the alteration or changing of any watercourse. Section 2 of the act gives a remedy in the drainage proceeding. The statute is applicable only in drainage proceedings. This was substantially determined in Town of Vivian v. Town of Dunbar, 162 Minn. 491, 203 N. W. 431, involving the same stream.

There was evidence offered and excluded of the declarations of those in position to know the fact, or à general community reputation, in harmony with the defendant's claim that there rested on it no obligation after the construction of the first bridge. The ruling of the court is discussed in the briefs. In view of the conclusion reached in favor of the defendant, the ruling favoring the plaintiff, discussion of the offered testimony is unnecessary.

It is apparent that all procurable evidence has been offered and that the litigation should end; upon the going down of the remittitur judgment will be entered for the defendant notwithstanding the verdict.

Order reversed.

WILSON, C. J. (dissenting).

The evidence is perhaps necessarily meager, but I think under the circumstances it not unfair to permit the jury to infer, it appearing that Dunbar helped build the bridge, that it was to help maintain it afterwards. I think the evidence sufficient to sustain the finding that such was the agreement.